WILLIAMS v. W. N. HARDEE & SON.[*]

(March 20, 1925.)

[106 So. 16. No. 25018.]

APPEAL AND ERROR. *Corrections of errors in bill of exceptions, where testimony is taken down by court's stenographer, must take place in trial court, except as provided by statute.*

Chapter 111, Laws of 1910 (Hemingway's Code, sections 582 to 585, inclusive), provides a remedy for the correction of errors in bills of exception in cases where the testimony is taken down by a court stenographer under said statute. Such corrections must take place in the trial court before the cause is transferred by appeal to the supreme court, except as provided by section 799, Code of 1906 (Hemingway's Code, section 587).

---

[*]Headnote 1. Appeal and Error, 4 C. J., Section 2241.

APPEAL from circuit court of Jones county.

HON. R. S. HALL, Judge.

Action between R. F. Williams and W. M. Hardee & Son. From a judgment below, R. F. Williams appeals. On motion by appellant to strike from bill of exceptions certain testimony. Motion overruled.

See, also, 106 So. 17. And the next case in this volume.

*Jeff Collins,* for appellant.

Now comes appellant, R. F. Williams, by his attorney, and moves the court to strike from the record that part of the record found on pages 29 and 30, "Exhibit A" to this motion, wherein the stenographer undertakes to summarize the testimony of Mr. Hardee, without setting out the exact testimony as it was taken. An examination of this part of the record will disclose the fact that the stenographer did not undertake to take down the questions and answers of this witness as the questions were propounded and as the answers were given but, instead, undertook to summarize what the testimony was and concluded as to what the facts proved were. We earnestly submit that such procedure is not warranted by the law, and there is no authority whatever for the stenographer to put anything like this in the record.

If the stenographer could summarize and place the construction on testimony, and say what it proved, then instead of putting down the questions and answers and letting the court and jury pass upon what the testimony shows or proves, the stenographer would be the sole judge of what the testimony of a witness is. We submit that there is no law anywhere, and it does not take the citation of authority to prove the truthfulness of this statement, warranting any such procedure.

*Shannon & Schauber,* for appellee.

As shown by the affidavits, the originals of which are filed with the clerk of this court, the official court stenographer, in transcribing the record of this case, omitted the words "By the Court," over the statement to which counsel for appellant is objecting. The court said in this statement that he had permitted the plaintiff to reopen the case for the purpose of correcting a calculation, and this is all that the court stated, that is, that he had permitted Mr. Hardee to correct his calculation. The

record shows that the court permitted the plaintiff to amend his declaration to show the price of cotton to be twenty-nine and three-fourths cents on October 3, 1923.

Counsel for appellant objects to the statement in the record for the reason that he states that it is the conclusion drawn by the court stenographer from the testimony, and that this is not within the province of the stenographer.

The facts as shown by the affidavits filed with the clerk of this court and attached hereto as exhibits, show that the stenographer omitted the words "By the Court," which would have preceded this statement in the record, and both the stenographer and the judge make affidavit that this was the case and that the words "By the Court" should have preceded the statement to which counsel for appellant objects.

We respectfully submit that this part of the record is entirely competent and is a proper part of the record and we feel sure that the supreme court will overrule the motion to strike this part of the record from the files.

*Jeff Collins,* in reply, for appellant.

Counsel for appellee by *ex parte* affidavits of the judge and court stenographer, undertakes to bolster up and make this part of the record competent by filing an affidavit of the stenographer and of the circuit judge to the effect that this statement in the record is a statement that the court made instead of what the stenographer made.

We want to call the court's attention first, to the fact that this record was submitted to counsel for appellee and Mr. A. B. Schauber, a member of the firm of Shannon and Schauber, certified to this court that the record was correct, and after a motion was filed to strike a part of the record from the files, appellee then undertook to supplement the record by affidavits, which we submit are not competent for this court to consider under the circumstances of this procedure. They come too late.

We again respectfully submit that the only two ways that we know of by which testimony may go into the record is by the stenographer taking down all questions and answers, or by a special bill of exceptions, which lat- ter method was unknown to the common law and is strict- ly statutory.

ANDERSON, J., delivered the opinion of the court.

This is a motion by appellant to strike from the bill of exceptions, which is a part of the record under the stat- ute, a portion of the testimony of one of the witnesses who testified in the trial court. The ground of the mo- tion is that the objectionable part of the record does not purport to be, and is not in fact the testimony of the witness given in the form of questions and answers, but is a mere attempted recital by the court stenographer of what the witness testified to.

As appears from the bill of exceptions, one of the wit- nesses was recalled to the stand, and the court stenog- rapher, instead of taking down his examination in the form of questions and answers, simply undertook to state the facts the witness testified to.

The evidence was taken by the regular court stenog- rapher, whose transcribed notes of the evidence became a part of the record under chapter 111, Laws of 1910 (Hemingway's Code, sections 582 to 585, inclusive). There was no effort on the part of appellant to amend the bill of exceptions before the cause was transferred to this court by appeal. The statute above referred to furnishes an ample remedy for any errors and defects in the bill of exceptions. They should be corrected in the lower court before the cause is transferred to this court on appeal. It is too late after the bill of exceptions has became a part of the record and the cause is in this court, except to proceed as provided by section 799, Code 1906 (Hemingway's Code, section 587).

*Motion overruled.*